FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG 10  AM 8: 42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC LOUIS BLOUNT                           CIVIL ACTION

VERSUS                                      NUMBER: 05-3081

ATTORNEY BARNEY WILLIAMS                    SECTION: "J"(5)


## REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Eric Louis Blount, has filed the above-captioned lawsuit in forma pauperis against defendant, Barney Williams, Esq.

At the time that he authored the instant complaint, plaintiff was an inmate of the Concordia Parish Correctional Facility, Ferriday, Louisiana, whose incarceration there is for reasons not readily apparent from his complaint. He alleges that defendant Williams, his retained counsel, failed to get a probation "hold" lifted on him despite having been paid five hundred dollars to accomplish that task. Blount additionally accuses Williams of

_____ Fee_____
_____ Process_____
_X_ Dktd_____
___ CtRmDep_____
_____ Doc. No _____

converting other of plaintiff's funds to his own use, failing to return a bank card and other personal property in Williams' possession, and failing to obtain the release of Blount's van that was impounded by police.   Plaintiff seeks an unspecified amount of monetary damages as well as the disbarment of Williams.

To the extent that plaintiff's complaint can be read as asserting that he remains incarcerated due to the neglect of his retained attorney, plaintiff raises a habeas corpus issue (i.e., ineffective assistance of counsel) which cannot be addressed until he has exhausted available state court remedies with respect to it. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).   As plaintiff makes no showing of having done so, his complaint, to the extent that it can be construed as a request for federal habeas corpus relief, should be dismissed without prejudice pending exhaustion of state court remedies.   McGrew, 47 F.3d at 161.

The Court now turns its attention to plaintiff's §1983 claim against his retained counsel for rendering ineffective assistance, converting and retaining plaintiff's property for his own use, and otherwise not acting to protect plaintiff's interests. To the extent that such a claim calls into question the fact and duration of plaintiff's confinement, it is governed by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny. Boyd, 31 F.3d at

283; <u>Stephenson</u>, 28 F.3d at 27.   Pursuant to <u>Heck</u>, absent a showing that plaintiff's incarceration has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of <u>habeas corpus</u>, he has no §1983 cause of action.   <u>Heck</u>, 512 U.S. at 486-87, 114 S.Ct. at 2372-73.   Moreover, absent allegations of a conspiracy with traditional state actors, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability.   <u>Polk County v. Dodson</u>, 454 U.S. 312, 102 S.Ct. 445 (1981); <u>Russell v. Millsap</u>, 781 F.2d 381, 383 (5th Cir. 1985). Plaintiff's §1983 claim against Williams should therefore be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.   <u>See Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate

judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __9th__ day of __August__, 2005.

_____
UNITED STATES MAGISTRATE JUDGE